UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANGELINA C.¹,

      Plaintiff,

v.                                                                                      23-CV-661 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

---

## DECISION AND ORDER

Plaintiff Angelina C. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 6–1. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 7–1, 8. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

¹ Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB") and her application for Supplemental Security Income ("SSI"), both filed on October 22, 2020.[2] Tr. 325–34.[3] Plaintiff's applications were initially denied, and she requested a hearing before an administrative law judge ("ALJ"). Tr. 246–47. Following the hearing, at which Plaintiff was represented by counsel, ALJ Thomas Merrill issued a decision finding that Plaintiff was not disabled. Tr. 10–28. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 1–6; Dkt. 1.

## LEGAL STANDARDS

### I. DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive

---

[2] Plaintiff applied for both DIB and SSI. To receive DIB, a claimant must show that he or she became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69–70 (2d Cir. 2022). SSI, on the other hand, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted). The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

[3] The filing at Dkt. 5 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 5 are hereby denoted "Tr. __."

when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II. DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental

activities and is normally done for pay or profit. 20 C.F.R. §§ 404.1572, 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not

disabled. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. THE ALJ'S DECISION

The ALJ determined that Plaintiff had "not engaged in substantial gainful activity since March 30, 2019, the alleged onset date, or April 4, 2019, the potential onset date." Tr. 13. The ALJ also found that Plaintiff suffered from one severe impairment: obesity. *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 20.

After considering the entire record, the ALJ determined that Plaintiff had the RFC "to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c)

except that [Plaintiff] must avoid moderate exposure to noise and vibration, and concentrated exposure to respiratory irritants." Tr. 21–23.

The ALJ found that Plaintiff was able to perform past relevant work as a library clerk. Tr. 26. The ALJ concluded that Plaintiff was not disabled because her age, education, work experience, and RFC allowed her to perform jobs existing in significant numbers in the national economy. Tr. 28. As such, according to the ALJ, Plaintiff had not been under a disability from March 30, 2019, the alleged onset date, through June 21, 2022, the date of the decision. Tr. 28.

## II. PLAINTIFF'S ARGUMENT

Plaintiff argues that the ALJ erred in finding her migraines and mental impairments non-severe at step two, resulting in the RFC being unsupported by substantial evidence. *Id.* at 14–21.

## III. ANALYSIS

An ALJ's decision that an impairment is non-severe at step two must be "supported by 'substantial evidence' in the record as a whole." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). A finding that a plaintiff's impairment "is nonsevere is not supported by substantial evidence [when] the evidence on which it is based is inconsistent with evidence that [the plaintiff's impairment] significantly impaired her ability to do basic work activities." *Parker-Grose v. Astrue*, 462 F. App'x 16, 17-18 (2d Cir. 2012). "Notably, it is the claimant's burden to show at step two that she has a severe impairment. A step two error is not reversible and does not necessitate remand where the record is devoid of evidence that the

6

allegedly omitted impairments were severe." *Guerra v. Comm'r of Soc. Sec.*, 2018 WL 3751292, at *2 (W.D.N.Y. Aug. 7, 2018) (internal citations and quotations omitted), *aff'd sub nom. Guerra v. Saul*, 778 F. App'x 75 (2d Cir. 2019).

### A. Plaintiff's Migraines

Plaintiff asserts that although "the ALJ did continue the decision and craft an RFC . . . there was still substantive harm because the analysis largely ignored any limitations from headaches." Dkt. 6–1, at 16.

In finding Plaintiff's migraines to be non-severe at step two, the ALJ summarized the evidence in the record of Plaintiff's history of migraines. Tr. 14. First, in finding Plaintiff's hearing testimony that she suffers from chronic headaches to be inconsistent with the medical evidence, the ALJ mentioned that her "symptoms have been better controlled during the relevant period." *Id.* (citing Tr. 522–23, 549, 713–15). The ALJ additionally noted that Plaintiff "initially reported poor response from medication, but providers prescribed Botox injections, Diamox, and nerve blocks with good results." Tr. 14 (citing *id.* at 503–04, 549–50, 713). The ALJ further mentioned that Plaintiff's "[e]xaminations showed no visual changes, and providers noted that her arteritis and hypertension had been stable for at least five years with medication." Tr. 14 (citing *id.* at 713–15). Lastly, the ALJ noted that Plaintiff "denied any problems with dizziness and only occasionally reported problems with headaches." Tr. 14 (citing *id.* at 818, 824, 1129, 1172, 1211, 1228); *see also Diaz v. Shalala*, 59 F.3d 307, 315 (2d Cir. 1995) (ALJ is "entitled to rely not

7

only on what the record says, but also on what it does not say.") (internal quotation omitted).

Substantial evidence supports the ALJ's step-two determination that Plaintiff's migraines were non-severe. The ALJ considered the opinion of consultative internist Nikita Dave, M.D. Tr. 25. On December 29, 2020, Dr. Dave performed an internal medicine examination and provided a medical source statement. *Id.* at 678–83. Dr. Dave concluded that Plaintiff "may have moderate limitations for all strenuous physical activity during severe headaches likely to be transient." *Id.* at 683. The ALJ found Dr. Dave's opinion "less than fully persuasive," reasoning that he "based some of these limitations on [Plaintiff's] subjective reports, noting specifically that she did not observe related hip or migraine findings in the examination." Tr. 25. The ALJ additionally noted that Dr. Dave "did not provide a function-by-function analysis or further define the moderate limitations." *Id.*

The ALJ additionally determined that "the State agency medical consultants' prior administrative findings regarding severe impairment[s were] unpersuasive," but that the "opinion regarding [the RFC], taking into consideration the non-severe impairments, is persuasive." Tr. 25. The ALJ reasoned that although the "limitations consider some effects, from [Plaintiff's] non-severe impairments, including asthma and migraines, but even with those considerations, the [RFC] does not direct a finding of disability." *Id.* Nonetheless, the ALJ's RFC is consistent with the medical consultants' limitations that Plaintiff "could function within a

8

range of the medium exertional level, while avoiding moderate exposure to noise and vibration, and avoiding concentrated exposure to pulmonary irritants." *Id.*

As the Commissioner correctly notes, an error by the ALJ at step two regarding the assessment of severity is, in many cases, harmless. Dkt. 7–1, at 9–10. Notably, if the Commissioner fails to consider an impairment at step two, the error may be harmless if the Commissioner continues through the steps and considers the omitted impairment in the later analysis. *See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (concluding the error at step two was harmless because the ALJ identified other severe impairments, proceeded with the subsequent steps, and specifically considered the omitted impairments in those subsequent steps); *McCartney v. Comm'r of Soc. Sec.*, 2009 WL 1323578, at *16 (W.D. Pa. May 8, 2009) ("Even if the Court was to find that the ALJ did err in excluding headaches from the list of impairments, any such error was harmless because the ALJ found other severe impairments at step two and proceeded through the sequential evaluation on the basis of Plaintiff's severe and non-severe impairments."). This type of "harmless error" finding is appropriate only when it is clear that the ALJ considered the claimant's headaches and their effect on his or her ability to work during the balance of the sequential evaluation process; remand is appropriate if the Commissioner fails to consider the omitted impairments at the subsequent steps. *See, e.g., Lozada v. Comm'r of Soc. Sec.*, 2020 WL 5350176, at *4 (W.D.N.Y. Sep. 4, 2020) (citing *Reices-Colon*, 523 F. App'x at 798).

9

Here, the ALJ discussed Plaintiff's testimony, medical records noting that her symptoms improved with treatment, and accounted for the limitations she may have as a result of her migraines into the ultimate RFC determination. Thus, remand is not required. *See Takeylyn G. v. Saul,* 2019 WL 3369266, at *4 (N.D.N.Y. Jul. 26, 2019) (concluding that any failure by the ALJ to find the plaintiff's headaches severe was harmless error where ALJ's RFC analysis referenced treatment records, specifically noted how medication improved plaintiff's headaches, and considered all of plaintiff's impairments and related limitations); *McCartney,* 2009 WL 1323578, at *15–16 (concluding the ALJ did not err in excluding headaches from the list of severe impairments where the ALJ thoroughly discussed the complaints of headaches in treatment notes, the plaintiff's reported improvement with treatment, and plaintiff's testimony).

### B. Non-severe Mental Impairments at Step Two

Plaintiff argues that the ALJ failed to assess her mental impairments at step two. More specifically, she argues that the ALJ was required to assess the special technique, and instead, "the analysis only discusses evidence generally and fails to give an explanation for these criteria." Dkt. 6–1, at 18–20. Plaintiff's argument fails because the ALJ's step two determination was supported by substantial evidence.

The effects of a plaintiff's mental disorder are evaluated on a five-point rating scale. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00(F)(2)(a-e). A mild limitation means a plaintiff's ability to function in the area independently, appropriately,

10

effectively, and on a sustained basis is "slightly limited." *Id.* 12.00(F)(2)(b). A mental impairment rated as "none" or "mild" will generally not qualify as "severe," whereas those rated as "moderate," "marked," or "extreme" will qualify as "severe" under step two. *Schafenberg v. Saul*, 858 F. App'x 455, 456 (2d Cir. 2021); *see Cherry v. Comm'r of Soc. Sec. Admin.*, 813 F. App'x 658, 661 (2d Cir. 2020) (ALJ properly determined plaintiff's mental impairments were not severe based on substantial evidence in the record showing his mental impairments caused only mild limitations); *see* 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1) (the ALJ "will generally conclude that [plaintiff's] impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [plaintiff's] ability to do basic work activities.").

Substantial evidence supports the ALJ's step-two determination that Plaintiff's mental impairments caused no more than mild limitations in the four areas of mental functioning and were, therefore, non-severe. At step two, the ALJ found that Plaintiff's "mental impairments of depressive disorder and PTSD, considered singly and in combination, do not cause more than [a] minimal limitation in [Plaintiff's] ability to perform basic mental work activities and are therefore non-severe." Tr. 16. The ALJ additionally noted that Plaintiff "has no more than a mild limitation in any area of mental functioning." *Id.*

The ALJ considered the opinion of Susan Santarpia, Ph.D. Tr. 17–18. Dr. Santarpia performed a psychiatric evaluation and provided a medical source statement. *Id.* at 685–89. Dr. Santarpia noted that Plaintiff could dress, bathe,

11

cook, clean, do laundry, shop, manage her own money, and socialize with friends and family. *Id.* at 687. Dr. Santarpia concluded that "[t]he results of the present evaluation appear to be consistent with psychiatric problems," but that they do "not appear to be significant enough to interfere with [Plaintiff's] ability to function on a daily basis." *Id.* at 688. Dr. Santarpia determined that Plaintiff "[p]resents as able to understand, remember, or apply simple as well as complex directions and instructions; use reason and judgment to make work-related decisions; sustain concentration and perform a task at a consistent pace; sustain an ordinary routine and regular attendance at work; maintain personal hygiene and appropriate attire; and be aware of normal hazards and take appropriate precautions within normal limits." *Id.* She also opined that Plaintiff had mild limitations in interacting adequately with supervisors, coworkers, and the public, and in regulating emotions, controlling behavior, and maintaining well-being. *Id.*

The ALJ found Dr. Santarpia's opinion persuasive, reasoning that Plaintiff's "impairments did not interfere with [her] ability to function on a daily basis, noting no more than mild limitations in any area." Tr. 18. The ALJ noted that Plaintiff presented to Dr. Santarpia "with fluent speech, normal thought process, euthymic mood, with mildly impaired concentration, intact memory, and fair insight and judgment." Tr. 17–18. (citing *id.* at 685–86). The ALJ additionally noted that Plaintiff stated that "she could draw, listen to music, watch television, go shopping, and socialize with others." *Id.* at 18 (citing *id.* at 687–88). Lastly, the ALJ noted that, although Dr. Santarpia diagnosed Plaintiff with PTSD and depressive

12

disorder, she nevertheless determined that those "impairments did not interfere with [her] daily functioning." *Id.*

The ALJ also considered the opinions of the State Agency medical consultants. Tr. 18. State agency medical consultant J. May, Ph.D., concluded that Plaintiff's trauma and stressor related disorders and depressive disorders were non severe, and caused no more than mild limitations in two of the paragraph b categories. Tr. 126–27. In comparing Dr. Santarpia's opinion with other State agency consultants' prior administrative findings, the ALJ noted that "[t]he consultants similarly stated that [Plaintiff's] mental impairments did not cause more than minimal limitations in any area of mental" functioning. *Id.* The ALJ determined that the prior administrative finding provided by the State agency psychological consultants were persuasive. *Id.* Both opinions support the ALJ's step-two determination. *See Grega v. Saul,* 816 F. App'x 580, 582–83 (2d Cir. 2020) ("A consultative examiner's opinion may constitute substantial evidence if otherwise supported by the record.").

In addition to these opinions, the ALJ relied on mental health treatment notations from 2018 through 2021. Tr. 17. In explaining that Plaintiff had no more than mild limitations in any area of mental functioning, the ALJ reasoned that, contrary "to her testimony, treatment notes show that [Plaintiff] often reported doing well on medication and mental status examinations routinely showed normal findings." Tr. 18. The ALJ also mentioned that "[p]roviders noted that she could

13

cope with stressors, that she had good sleep, and that she was socially active." *Id.* (citing *id.* at 619, 631).

Indeed, progress notes from Plaintiff's psychiatrist noted that she was "slowly getting better," was happy with her medication, felt stable, denied feeling anxious or depressed, and was able to sleep well through the night. Tr. 617–33. Additional progress notes documented that Plaintiff was "generally happy with the current medication regime [and has] not experienced any symptoms of depression or imbalance[d] mood." *Id.* at 574, *see also id.* at 1035–36, 1044, 1050, 1052, 1058. Lastly, as mentioned by the ALJ, Plaintiff reported being able to take good care of herself and her children, being socially active, going shopping, and was able to cope well with social stressors. Tr. 574, 619, 631, 748, 1035–36, 1038, 1044, 1052, 1062.

Plaintiff incorrectly asserts that, "[i]n the alternative, whether these impairments were severe or non-severe, the ALJ was still required to include the impairments in the RFC." Dkt. 6–1, at 17.[4] When substantial evidence in the

---

[4] Plaintiff argues that the ALJ committed an error identical to the one requiring remand in *David Q. v. Comm'r of Soc. Sec..*, 2022 WL 806628, at *4 (W.D.N.Y. Mar. 17, 2022). *See* Dkt. 6–1, at 17. In *David Q.*, remand was ordered because the ALJ failed to "address or account for any functional limitations associated 'with plaintiff's major depressive disorder in the RFC assessment.'" 2022 WL 806628, at *5. Moreover, the error was not harmless because "the only examining source to opine on plaintiff's mental functioning capacity assessed plaintiff with various mild and moderate mental functional limitations." *Id.* at *6. The ALJ did not assess those limitations, "despite the fact that the ALJ found [the examining source's] opinion to be persuasive and assigned it significant probative value." *Id.* (internal quotation marks and citation omitted). Here, on the other hand, Plaintiff cites to no comparable opinion that the ALJ ignored. And here, the ALJ relied on the opinions of state agency consultants in the record who both found that Plaintiff's mental impairments were non-severe and caused no more than mild limitations in her mental functioning. Tr. 18. Thus, the RFC is supported by substantial evidence in

record supports only mild limitations in mental functioning, an ALJ is not required to include mental limitations or restrictions in the RFC. *Lynett W. v. Comm'r of Soc. Sec.*, 2021 WL 868625, at *4 (W.D.N.Y. Mar. 9, 2021) (finding "mild limitations do not necessarily require the addition of mental limitations in the RFC"); *Jane M. A. v. Comm'r of Soc. Sec.*, 2021 WL 63066, at *5 (W.D.N.Y. Jan. 7, 2021) (declining to remand where the "ALJ properly evaluated the mental impairments at Step Two and reasonably considered such impairments at subsequent steps and accordingly found the mild limitations resulting from the non-severe impairments did not warrant any mental restrictions in the RFC").

In sum, while Plaintiff points to evidence in the record to suggest that she had greater limitations in interacting with others, it is not the function of this Court to re-weigh evidence or consider *de novo* whether Plaintiff is disabled. *See Urena v. Comm'r of Soc. Sec.*, 379 F. Supp. 3d 271, 278 (S.D.N.Y. 2019) ("Importantly, it is not a reviewing court's function to determine *de novo* whether [a claimant] is disabled.") (alteration in original, internal quotation marks and citation omitted). Rather, "[a]bsent a legal error, the Court must uphold the Commissioner's decision if it is supported by substantial evidence, even if the Court might have ruled differently had it considered the matter in the first instance." *Russell v. Saul*, 448 F. Supp. 3d 170, 175 (D. Conn. 2020); *see also Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) ("Even where the administrative record may also adequately support

---

the record, including Plaintiff's mental status examinations, state agency medical consultants, and consultative examiner Dr. Santarpia. *David Q.* is inapposite.

contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence.").

In general, a plaintiff's RFC is the most he or she can do despite his limitations. 20 C.F.R. § 416.945(a)(1). An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id.* § 416.945(a)(1) ("We will assess your [RFC] based on all the relevance evidence in your case record."); *see id.* § 416.946(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your [RFC]"). Plaintiff cannot merely disagree with the ALJ's weighing of the evidence or argue that evidence in the record could support his position. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record. *See Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ, and Plaintiff fails to do so here. *See Smith v. Berryhill,* 740 F. App'x 721, 726 (2d Cir. 2018).

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 7–1) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 6–1). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   February 28, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE